# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KEVIN O'NEILL,

        Petitioner,

v.                                           Case No. 04-CV-461

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

Before the court is Kevin O'Neill's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. O'Neill argues that the court failed to consider the full record in adjudicating his petition under 28 U.S.C. § 2255, and requests that the court vacate its July 11, 2007 order. For the reasons set forth below, O'Neill's motion under Rule 60(b) will be denied.

## JURISDICTION

O'Neill also filed a notice of appeal on September 10, 2007, the same date his Rule 60(b) motion was filed. The Supreme Court has held that a "federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, there are limited exceptions to this jurisdictional rule, and the doctrine only applies to "those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192,

194 (7th Cir. 1995). The Supreme Court has also noted that "either before or after filing his appeal, the litigant may also file a Rule 60(b) motion for relief with the district court. The denial of the motion is appealable as a separate final order, and if the original appeal is still pending it would seem that the court of appeals can consolidate the proceedings." *Stone v. I.N.S.,* 514 U.S. 386, 402-03 (1995). Accordingly, the court finds that O'Neill is not challenging the "aspects of the case found in the appeal," and, therefore, retains jurisdiction to address his motion.

## ANALYSIS

O'Neill's motion is properly brought under Rule 60(b) because he is attacking "some defect in the integrity of the federal habeas proceeding"; no new claims are presented, nor does he attack the merits of his underlying petition, and it would be inappropriate for this court to construe O'Neill's motion as a successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see also* Fed. R. Civ. P. 60(b). O'Neill sets forth several grounds for relief, mainly arguing that this court failed to address key factors in his underlying and amended § 2255 petitions. The court will address each of O'Neill's concerns separately below, although it is noted at the outset that despite a more thorough consideration of O'Neill's § 2255 claims, he is still not entitled to relief under the statute.

**A.  Failure to Address Harvey Powers' Amended Filings as Adopted by O'Neill**

On March 1, 2006, O'Neill's former co-defendant, Harvey Powers, filed a reply to his own underlying § 2255 petition. The court was previously aware of O'Neill's request that the court consider Powers' claims in adjudicating O'Neill's petition.

However, the court determined that it would have been improper to consider Powers' filings as incorporated to O'Neill's for two reasons. First, O'Neill did not raise these claims in his original or amended complaint, and arguments raised for the first time in a reply brief are considered waived. *Carter v. Tennant Co.*, 383 F.3d 673, 679 (7th Cir.2004). Second, Powers was referring to information referenced in a separate case he personally brought against the Department of Justice; thus, it is questionable whether O'Neill has standing to litigate Powers' claims.

The issue of standing aside, the issues presented in Powers' reply are without merit. Powers claimed that the government intentionally withheld information concerning Patricia Wolf's consent to install listening devices in her home, namely, a consent form referenced in her diary, and that this interfered with his ability to properly litigate his pretrial Title III suppression motions. Powers framed his argument as a violation of *Brady v. Maryland,* 371 U.S. 812 (1962). Under *Brady,* a petitioner must demonstrate: (1) that the government suppressed evidence; (2) that this evidence was favorable to the defense; and (3) that the evidence was material to an issue at trial. *United States v. Walton*, 217 F.3d 443, 450 (7th Cir.2000). Powers (and by extension, O'Neill) was unable to demonstrate any of these requirements. First, in his civil suit, all relevant attorneys and agents averred that they were not even aware that any consent form Wolf allegedly signed even existed, and furthermore, that it was not even standard practice to keep such forms. (*See Powers v. Bureau of Alcohol, Tobacco, and Firearms*, 03-CV-893 at Docket #s 45, 46, and 61-65.) Furthermore, it's difficult to imagine how the consent form would

have been favorable to any of the defendants' defenses, and it certainly was not material to any of the underlying pretrial claims. As this court previously noted in the adjudication of these § 2255 petitions, the Title III issues were exhaustively litigated at nearly every stage of this prosecution, and any information relating to the existence or suppression of consent forms would have had no bearing on the outcome of all of these decisions.

**B.    Failure to Address the "Government's Withholding of Facsimile" Claim**

O'Neill also argues that the court failed to address the important issue of the government's withholding of a facsimile from the Detroit branch of the Federal Bureau of Investigation. O'Neill argues that by withholding this information, the government failed to comply with its *Brady* obligations. The court finds that O'Neill has failed to demonstrate all three of the *Brady* requirements articulated above; he has not shown that the government suppressed evidence (indeed, they did disclose it); and even if the evidence was favorable to his defense, he has not convinced the court that the evidence was material to an issue at trial. Even if the facsimile does demonstrate that conversations were intercepted prior to judicial authorization, on appeal, the Seventh Circuit determined that the Title III issues did not warrant suppression because no evidence used at trial was obtained before the judicial authorization. *See United States v. Warneke,* 310 F.3d 542, 545 (7th Cir. 2002). Therefore, the court determines that this was not a material matter as defined by *Brady*, and O'Neill is not entitled to relief on this basis.

## C. Failure to Address Agent Brown's Discharge

O'Neill criticizes the court's treatment of his claims regarding Agent Brown's discharge from this investigation. O'Neill argues that the court failed to fully consider his filings and reply on this issue. The court did address O'Neill claims in the order dismissing the petition and found that they were without merit for a number of reasons.

To begin, O'Neill's allegations fall short of demonstrating materiality, and, as the court previously noted, it's doubtful that they comport with the requirements of *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996) (holding that bare and unsubstantiated allegations are insufficient to warrant habeas relief). Construing O'Neill's claim liberally, it appears that he is arguing that because an agent failed to comply with Title III requirements and violated the law, Agent DeValkenaere's testimony becomes suspect and unreliable because when she testified that no agent failed to comport with Title III requirements, that testimony was untruthful. O'Neill claimed that had he known of Agent Brown's misconduct, he would have called him to the stand. O'Neill submitted testimony from a 2001 trial in the Middle District of Florida that suggests that Agent Brown sold classified information to the Outlaws. The court does not find that his testimony would have been relevant or material to the pretrial Title III issues. Moreover, Agent DeValkenaere was subject to significant direct and cross-examination during the trial; if the jurors doubted her truthfulness, it would have been reflected in their verdicts.

**D. Failure to Address Ineffective Assistance of Appellate Counseling Regarding Title III Claims**

O'Neill also argues that the court failed to consider his main ineffective assistance of appellate counsel – that his appellate attorney failed to properly litigate the Title III claims. Attacks on appellate counsel's representation are analyzed under the same *Strickland* standard, however, an attorney need not raise every possible issue on appeal; counsel will only be deemed ineffective if he fails to present an issue that is both obvious and clearly stronger than the issues raised. *See Martin v. Evans*, 384 F.3d 848 (7th Cir. 2004). O'Neill argues that his appellate attorney should have argued that "placement of the listening devices at both residences and the fact, at the O'Neill residence, the government's bugged lamp for nearly a month warrantlessly intercepted every spoken work/activity and transmitted those communications/activities by way of radio frequency in violation of 18 U.S.C. § 2511(1)(b)(ii)." (Pet. Reply 37.) O'Neill further argues that appellate counsel blundered when he conceded that interception, not installation, was the issue in reference to the Title III suppression motions. O'Neill is incorrect, because the attacks on both the installation and interception were issues raised on appeal. The Seventh Circuit, in affirming the suppression denials, stated and held:

> Considerable evidence came from transmitters inside lamps in the homes of Outlaws Kevin O'Neill and David Wolf. A warrant authorized agents to hear and record the communications. Nonetheless, defendants contend, the evidence should have been suppressed because not only installation of the bugs but also a determination that one was functional preceded issuance of the warrant-and the judge was not told that these things had occurred The installation of the bugs did not violate the fourth amendment: the Constitution does not protect criminals against the risk that their associates will assist the police. *See*

Case 2:04-cv-00461-JPS   Filed 02/11/08   Page 6 of 8   Document 42

> *Hoffa v. United States*, 385 U.S. 293, 300-03, 310-12, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). . . . Whether this step created a constitutional problem under the holding of *United States v. Karo,* 468 U.S. 705, 104 S.Ct. 3296, 82 L.Ed.2d 530 (1984), is not a question we need decide, because no evidence based on the monitored signal was used against O'Neill at trial. What was used was the ensuing conversations, and their interception was authorized by a warrant issued in response to an affidavit that did not mention the monitored signal (or for that matter the fact that the bug-infested lamp was in place already). Because the agents did not intercept ( i.e., did not either record or listen to) any communications until after the warrant had issued, installation of the device at O'Neill's home (and determination that it was working) did not violate statutory limits on eavesdropping; until interception begins, a bug is nothing but a "tracking device" under 18 U.S.C. § 3117(b). *See also* 18 U.S.C. § 2510(12).

*Warneke,* 310 F.3d at 545 (7th Cir. 2002). To the extent that O'Neill is arguing that his attorney failed to present the "significant" issue that the way the listening devices were installed warrants suppression, this is incorrect; the Seventh Circuit considered such an argument and wholly rejected it. *See id.* Accordingly, O'Neill is unable to meet either prong of the *Strickland* standard articulated in his underlying petition in regards to his appellate counsel's representation.

**E.     Failure to Address O'Neill's Claim Regarding David Wolf's Testimony**

Finally, O'Neill claims that the court failed to address his claim regarding David Wolf's testimony. In order "[t]o establish a prima facie case that a conviction should be vacated because obtained through the use of perjured testimony, a petitioner must show that the testimony was in fact false and the government used it with actual or constructive knowledge of the falsity." *Holleman v. United States*, 721 F.2d 1136, 1138 (7th Cir. 1983). O'Neill failed to convince the court that Wolf gave perjured testimony. Even assuming *arguendo* that he did, O'Neill has not convinced

the court that the prosecutors tendered his testimony with actual or constructive knowledge of its falsity.

Accordingly,

**IT IS ORDERED** that Kevin O'Neill's Rule 60(b) motion (Docket #37) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 11th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge