# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KEVIN P. O'NEILL,

        Petitioner,

v.                                            Case No. 04-CV-461

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

Before the court is Kevin O'Neill's motion filed under Rule 59(e) of the Federal Rules of Civil Procedure for relief from judgment. O'Neill argues that the court misunderstood the facts, argument, and law in denying his motion under Rule 60(b) of the Federal Rules of Civil Procedure and requests that the court vacate its February 11, 2008 order. For the reasons set forth below, O'Neill's motion will be denied.

## ANALYSIS

Rule 59(e) allows a petitioner to file, within 10 days of the entry of a judgment, a motion to reconsider the judgment. Fed. R. Civ. P. 59(e)(2008). Motions brought under Rule 59(e) are to correct "manifest errors of law or fact, or to present newly discovered evidence." *Publishers Res., Inc. V. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). Thus it follows that Rule 59(e) motions must clearly establish that such an error has occurred; they are not appropriate to simply revisit old arguments, or present new arguments that could have properly been considered

prior to the judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). Stated another way, a petitioner may not bring a claim under Rule 59(e) that could have been raised previously. *Federal Deposit Insurance Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986). Because O'Neill in large measure relitigates issues previously addressed by the court while at the same time fails to present any newly discovered evidence, the court is obliged to deny his motion. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

A. **Failure to Address Harvey Powers' Amended Filings as Adopted by O'Neill**

In the Rule 60(b) order denying O'Neill's petition, the court addressed each of O'Neill's current arguments. Even assuming for the sake of argument that the court did not include Harvey Powers' petition in analyzing O'Neill's arguments, the result in the adjudication of O'Neill's underlying § 2255 petition would be no different because the court has since considered Powers' petition on the merits and determined that he was not entitled to relief. The court understands O'Neill's argument; it quite simply determines that it is without merit. O'Neill seems to misunderstand that even if there were a Fourth Amendment or Title III violation stemming from the installation of listening devices on December 19, 1994, suppression would not be appropriate. "The exclusionary rule is not a constitutionally compelled remedy for violations of the Fourth Amendment, and that the introduction at trial of illegally seized evidence does not, of itself, rise to the level

-2-

of a violation of any rights protected by the Constitution." *United States v. Espinoza*, 256 F.3d 718, 724 (7th Cir. 2001) (citing *United States v. Leon*, 468 U.S. 897, 906 (1984)). The exclusionary rule is a "judicially created remedy" to safeguard constitutional rights, it is not a personal right in and of itself." *Id.; see also United States v. Calandra*, 414 U.S. 338, 348 (1974). It is undisputed that the Seventh Circuit, in affirming the convictions and sentences of O'Neill and his co-defendant, noted that the placement of the listening devices did not violate the constitution because

> the agents did not intercept ( i.e., did not either record or listen to) any communications until after the warrant had issued, installation of the device at O'Neill's home (and determination that it was working) did not violate statutory limits on eavesdropping; until interception begins, a bug is nothing but a "tracking device" under 18 U.S.C. § 3117(b). See also 18 U.S.C. § 2510(12). We may suppose (without deciding) that when seeking authorization to listen to conversations the agents should have told the judge that the lamps were already in place, but this does not matter. It is not conceivable that the judge would have said anything like: "Because you used an informant to install one microphone and tricked O'Neill into bugging his own home, I will deny you permission to listen even though you have established probable cause to believe that the bugs will reveal evidence of crime." *Cf. Franks v. Delaware*, 438 U.S. 154, 98 (1978). Perhaps the judge would not have authorized clandestine entry had he realized that bugs already were in place. Prosecutors say that they sought authority to enter in case the lamps should be unplugged or not transmit signals strong enough to be recorded; the judge might have required prosecutors to show one of these problems before authorizing an entry. But in the event no entry was made. So there is no causal chain from the omission to any evidence used against the defendants, and no basis for suppression.

*United States v. Warneke*, 310 F.3d 542, 545-46 (7th Cir. 2002). O'Neill is unable to point to any evidence that conversations intercepted prior to the judicial

authorization was used against the defendants at trial; accordingly, he is simply unable to point to a constitutional violation triggering application of the exclusionary rule. *See id.*

## B. Failure to Address Ineffective Assistance of Appellate Counseling Regarding Title III Claims

The court similarly finds that O'Neill's arguments relating to the court's adjudication of his ineffective assistance of appellate counsel to be without merit. The Seventh Circuit analyzed the Title III and Fourth Amendment issues without any mistake as to the facts, and appropriately affirmed O'Neill and his co-defendants' convictions. Moreover, O'Neill once again fails to realize that to be successful in demonstrating an 18 U.S.C. § 2511 violation on appeal, he must establish that conversations were actually being intercepted. *See* 18 U.S.C. § 2511 (titled "*Interception* and disclosure of wire, oral, or electronic communications prohibited) (emphasis added). As the Seventh Circuit noted, "installation of the device at O'Neill's home (and determination that it was working) *did not violate statutory limits on eavesdropping*; until interception begins, a bug is nothing but a 'tracking device' under 18 U.S.C. § 3117(b)." *Warneke,* 310 F.3d at 545. O'Neill can present no evidence that anything used during trial was obtained prior to judicial authorization to intercept conversations and this argument would have been rejected on appeal; therefore, O'Neill's appellate counsel was not ineffective for not bringing it. O'Neill presents no new evidence or errors that entitle him to relief. Accordingly, the court

-4-

determines that his ineffective assistance of appellate counsel claim was properly denied and he is not entitled to relief under Rule 59(e).

Accordingly,

**IT IS ORDERED** that Kevin O'Neill's Rule 59(e) motion (Docket #43) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of June, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge